UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ACCREDITED SURETY AND                                                                PLAINTIFF
CASUALTY CO., INC

VERSUS                                              CIVIL ACTION NO. 1:22-CV-206-TBM-RPM

PREMA OF MISSISSIPPI, LLC                                                            DEFENDANT

## REPORT AND RECCOMENDATIONS

Plaintiff Accredit Surety and Casualty Company, Inc., filed a complaint on August 9, 2022, for declaratory judgment requesting this Court declare certain rights and obligations under the pertinent insurance policy. Doc. [1]. Defendant Prema of Mississippi LLC filed its answer on September 20, 2022. Doc. [5]. Both parties request the Court appoint a duly qualified umpire to render a decision in the appraisal. The Court held an initial order telephonic case management conference on October 24, 2022. The parties have been unable to come to an agreement as to the appropriate umpire. Plaintiff has provided an excerpt of the policy stating that if the parties "cannot agree, either may request that selection be made by a judge of a court having jurisdiction." Doc. [1], at 4.

Given that both parties ask this Court to appoint an umpire, the parties are clearly in agreement that court appointment of an umpire is necessary under the terms of the relevant insurance policy. Therefore, the only issue is which appraisal umpire to appoint. After careful consideration, the Undersigned finds that David W. Mockbee is exceptionally qualified to serve as an appraisal umpire in this dispute. Mr. Mockbee is President of Mockbee Hall & Drake, P.A. in Jackson, Mississippi. Given Mr. Mockbee's extensive experience in Construction Law, the

undersigned is confident that he has the knowledge and expertise required to serve as an umpire in this dispute.

## RECOMMENDATION

The undersigned recommends that David W. Mockbee be appointed umpire to serve in rending a decision in the appraisal.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 9th day of November 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE